UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID C. LETTIERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-00029 (UNA) |
| | ) | |
| FEDERAL MARSHALS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, is a prisoner currently designated to the Niagara County Jail, located in Lockport, New York. He has filed a civil complaint ("Compl."), ECF No. 1, broadly alleging violations of his constitutional rights, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's IFP application and, for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff sues the United States Marshals Service, alleging that, in November 2020, he was unfairly denied unspecified medical treatment. *See* Compl. at 5. He contends that this denial constituted a violation of his due process rights and cruel and unusual punishment, and he demands $1 billion in damages. *See id.* at 4–5. No other information, details, or context is provided to support his claims.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive

fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, neither the court nor defendant have received adequate notice of plaintiff's intended claims. For example, it is unclear where plaintiff suffered the alleged wrongdoing, what medical care was denied, or by whom.

Simply put, plaintiff's allegations are spare and vague, at best, failing to set forth a cognizable claim. Indeed, a complaint's "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). To that same end, federal jurisdiction "must affirmatively appear clearly and distinctly" from the allegations set forth. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Although plaintiff mentions, in passing, his constitutional rights, "the mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Id.* at 522.

Because plaintiff has failed to state a discernible claim, and has failed to establish jurisdiction in this court, this case is dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

Date:   April 17, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge